# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEVIN<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION<br>NO. 18-0893 |
| STRAYER UNIVERSITY, LLC<br>    Defendant. | : | |

## MEMORANDUM

**Jones, II    J.**                                                                                                                   **July 24, 2018**

## I.    Introduction

Plaintiff David Levin brings the above-captioned action against Defendant Strayer University, LLC ("Strayer"), alleging Misrepresentation/Fraud (Count I), "Contract" (Count II), and violations of Unfair Trade Practices and Consumer Protection Law (Count III). Plaintiff's claims center around an alleged oral "promise" made by Strayer through Strayer personnel, in which said personnel said the University would provide him with job placement services after graduation in exchange for his enrollment. Currently before this Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. For the reasons set forth below, Defendant's Motion shall be granted and Plaintiff shall be granted leave to amend.

## II.    Background

### A.    Procedural History

On or about February 12, 2018, Plaintiff filed his Complaint in the Philadelphia Court of Common Pleas. Specifically, Plaintiff asserted claims against Strayer for Misrepresentation / Fraud (Count I), Punitive Damages (Count II), and "Contract" (Count III). On February 28,

2018, Strayer removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On March 6, 2018, Strayer filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in response, Plaintiff filed an Amended Complaint alleging Misrepresentation/Fraud (Count I), "Contract" (Count II), and violations of Unfair Trade Practices and Consumer Protection Law (Count III). The instant Motion followed.

### B. Factual History

In 2009, Plaintiff enrolled in one of Strayer's campuses located in King of Prussia, Pennsylvania. (Am. Compl. ¶ 3.) In 2013, Plaintiff took a three-semester hiatus to recuperate from injuries sustained in a motor vehicle accident. (Am. Compl. ¶ 4.) Plaintiff re-enrolled in 2014, at which time he was informed that the course requirements had changed and he was required to complete additional courses that were not a part of the 2009 curriculum. (Am. Compl. ¶¶ 5-6.)

Plaintiff alleges that a major reason he initially enrolled at Strayer was based on an oral promise made to him by personnel on behalf of Strayer that the University would assist Plaintiff with job placement services after graduation. (Am. Compl. ¶¶ 9, 21.) However, upon graduating, Plaintiff attempted to obtain job placement services from Strayer and was informed that the University did not offer same. (Compl. ¶ 10.) Plaintiff alleges Strayer was aware of his reliance on this information and knowingly made these false representations to convince him and other students to enroll in order to increase enrollment statistics and enrich Strayer. (Am. Compl. ¶¶ 15-17, 30.) As a result, Plaintiff alleges he incurred financial detriment and loss in the form of at least $77,793.00 in debt and several thousand dollars in "other" expenses. (Am. Compl. ¶¶ 26-28.)

### III. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Accord *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### IV. Discussion

#### A. Untimely Opposition

As a preliminary matter, Defendant argues its Motion should be treated as unopposed because Plaintiff failed to file his response in a timely manner. Def.'s Reply Mot. Dismiss 2.) Although Local Rule 7.1(c) permits the court to treat Strayer's Motion to Dismiss the Amended Complaint as uncontested, it shall not do so in this case. E.D. Pa. R. Civ. P. 7.1(c). Plaintiff's opposition was filed on April 17, 2018, six days after the fourteen (14) day deadline. A court may deny a request that a motion be treated as unopposed if the untimely briefing "is helpful to our determination of the issues in [the] matter." *See McNiff v. Asset Mgmt. Specialists, Inc.*, 337

F. Supp. 2d 685, 687 n.1 (E.D. Pa. 2004). As considering the untimely opposition assists this Court in reaching a determination regarding the instant Motion and results in no prejudice to Defendant, this Court shall deny Defendant's request to treat its Motion as unopposed.

### B. Count I: Misrepresentation / Fraud

In order to sufficiently plead a claim of fraudulent misrepresentation, a plaintiff must adequately allege: "(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker to induce the recipient thereby; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as a proximate result of the misrepresentation." *See C & K Petroleum Products, Inc. v. Equibank*, 839 F.2d 188, 191 (3d Cir. 1988) (citing *Thomas v. Seaman*, 304 A.2d 134, 137 (Pa. 1973)). However, the pleading standard is heightened with respect to claims of fraud, in that a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires plaintiffs to plead claims with particularity to "place the defendants on notice of the precise misconduct with which they are charged." *Anzalone v. Dulgerian (In re Dulgerian)*, 388 B.R. 142, 147 (Bankr. E.D. Pa. 2008) (internal citations omitted).

#### i. Sufficiency of Pleadings

Count I of Plaintiff's Amended Complaint woefully fails to adequately allege any misrepresentation, and must therefore be dismissed. Although Plaintiff attempts to provide clarification of his claims in his "Answer" to the instant Motion, said clarification essentially functions as an amendment to his pleadings and is impermissible. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir.1987) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

Moreover, under 42 Pa.C.S.A. § 5524(7), any claims for Misrepresentation/Fraud must be brought within two (2) years:

> In Pennsylvania, the statute of limitations for fraud claims is two years. 42 Pa. Cons. Stat. § 5524(7). "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises . . . ." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc*., 503 Pa. 80, 468 A.2d 468, 471 (Pa. 1983). It is tolled, however, "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." *Beauty Time, Inc. v. VU Skin Sys., Inc*., 118 F.3d 140, 144 (3d Cir. 1997) (internal quotation marks and citations omitted). "[L]ack of knowledge, mistake or misunderstanding do not toll the statute of limitations, even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy[.]" *Pocono*, 468 A.2d at 471 (citation omitted).

*McArdle v. Verizon Communs. Inc*., 567 F. App'x 116, 118 (3d Cir. 2014); *see also Perelman v. Perelman,* 545 F. App'x. 142, 149 (3d Cir. 2013) ("In Pennsylvania, a four-year limitations period governs a breach of contract claim . . . and a two-year period governs tort claims of professional negligence, fraudulent misrepresentation, fraudulent concealment, and fraud[.]") (citing 42 Pa. Cons. Stat. § 5524).

In this case, Defendant argues Count I of Plaintiff's Amended Complaint is barred by the statute of limitations. (Def.'s Mot. Dismiss 7.) Upon review of said claim, this Court finds that Plaintiff has generally alleged that a "promise" was made to him sometime prior to his enrollment in the Fall 2009. (Am. Compl. ¶¶ 3, 9.) He further alleges this "promise" was broken "upon graduating" . . . "at a later date" after his re-enrollment in Fall 2014. (Am. Compl. ¶¶ 8, 10.) Plaintiff commenced the instant action on February 28, 2018 (ECF No. 1). As such, it is impossible to determine whether or not this claim is timely, based upon these deficient allegations as contained within Plaintiff's Amended Complaint.

Inasmuch as: Plaintiff filed the instant Complaint in response to Defendant's first Motion to Dismiss and this is the first opportunity for the court to assess its sufficiency on the merits;

5

and, this Court cannot definitively hold that further amendment would be futile, he shall be granted leave to do so.

### ii. The "Gist of the Action" Doctrine

Regardless of Plaintiff's ability to establish timeliness or allege facts to support the necessary elements, his Misrepresentation/Fraud claim is necessarily barred by the "gist of the action" doctrine *if* a contract actually existed. Plaintiff concedes this point by agreeing to dismiss the Misrepresentation/Fraud claim if the court finds that a contract existed. (Pl.'s Answer Mot. Dismiss p. 14.)

The gist of the action doctrine prohibits plaintiffs from "re-casting" breach of contract claims as tort claims in cases where they are essentially identical. *See e.g. Owen J. Roberts Sch. Dist. v. HTE, Inc.*, No. 02-7830, 2003 U.S. Dist. LEXIS 2997, at *16 (E.D. Pa. Feb. 28, 2003). However, because Plaintiff has failed to adequately plead a Misrepresentation/Fraud claim, this Court need not determine whether or not the same is barred by the gist of the action doctrine at this time.

### C. Count II: Contract

#### i. Pleading Requirements to Demonstrate Existence of a Contract

As discussed more fully above, in order to survive a Rule 12(b)(6) motion, "bald assertions" are not sufficient to sustain a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). At the pleading stage, "[t]he burden is on the plaintiff to prove by a preponderance of the evidence the existence of the contract to which the defendant is a party." *Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977) (quoting *Lemoyne Sleeper Co. v. Bruce*, 54 Pa. D. & C.2d 537 (1972)). In Pennsylvania, a breach of contract claim may be sustained if a

plaintiff shows the following: "(1) the existence of a valid and binding contract to which the plaintiff and defendants were parties; (2) the contract's essential terms; (3) that plaintiff complied with the contract's terms; (4) that the defendant breached a duty imposed by the contract; and (5) damages resulting from the breach." *Nowosad v. Villanova Univ.*, No. 97-58811999, 1999 U.S. Dist. LEXIS 7319, at *19-20 (E.D. Pa. May 19, 1999) (citing *Gundlach v. Reinstein*, 924 F. Supp. 684, 688 (E.D. Pa. 1996)). "[A]n agreement is enforceable as a contract only if both parties have manifested an intention to be bound by its terms, if those terms are sufficiently definite to be enforced, and if there is consideration." *See e.g. Bennett v. Itochu Int'l, Inc.*, No. 09-CV-1819; No. 09-CV-4123, 2012 U.S. Dist. LEXIS 119791, at *45-46 (E.D. Pa. Aug. 23, 2012). With specific regard to oral contracts,

> Where a plaintiff seeks to recover on an oral agreement, it is particularly important that the pleading at least identify in as specific detail as possible the date of the agreement and the individuals involved. This information will enable a corporate defendant faced with a claim based on an alleged oral agreement to investigate the claim and, in particular, speak with those who have allegedly entered into the oral agreement at issue. Based on this investigation, the corporate defendant will be better positioned to respond to the allegations and assert defenses to the claim. This is a pleading requirement that cannot be avoided by merely asserting that the defendant already knows the material facts that have been omitted from the pleading.

*Pratter v. Penn Treaty Am. Corp.*, 11 A.3d 550, 563-564 (Pa. Commw. 2010).

However, "[w]here the parties have adopted a writing as a complete and exclusive statement of the terms of the agreement, even consistent additional terms are superseded." *United States v. Teklu*, 513 F. App'x 228, 231 (3d Cir. 2013)(quoting Restatement (Second) of Contracts § 213 cmt. c (1981)). This would include those made via oral promises.

With respect to contract damages, they need not be exact; however, they must be proven to a "reasonable certainty." This standard "at a minimum embraces 'a rough calculation that is not too speculative, vague or contingent upon some unknown factor.'" *See Alpart v. General*

*Land Partners, Inc.*, 574 F. Supp. 2d 491, 504 (E.D. Pa. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3d Cir. 2003)). Nevertheless, a Defendant's "argument about the sufficiency of damages is more appropriate at the summary judgment phase of the litigation." *Lodato v. Silvestro*, No. 12-1130, 2013 U.S. Dist. LEXIS 6174, at *14 n.3 (E.D. Pa. 2013). At the motion to dismiss stage, it is sufficient that a plaintiff "has stated a cognizable claim for resultant damages." *Id.* at *13.

### ii. "Promise" To Assist in Finding Employment

In this case, Count II of Plaintiff's Complaint is entitled "Contract" and consists of an *ad damnum* clause, preceded by one paragraph: "All of the preceding Paragraphs are hereby incorporated by reference as though fully set forth a length herein." (Am. Compl. ¶ 32.) All of the incorporated paragraphs are contained within Count I of Plaintiff's Amended Complaint: Misrepresentation/Fraud (Am. Compl. ¶¶ 1-31). As discussed above, a plaintiff cannot simultaneously proceed on both a Misrepresentation/Fraud claim and Breach of Contract claim involving the same alleged conduct. Further, none of the preceding paragraphs in Plaintiff's Amended Complaint sufficiently allege the existence of a contract, let alone a breach thereof.

Plaintiff alleges in pertinent part that Defendant promised it "would assist him in finding employment after his graduation[,]" and that after graduating, he "was informed that Strayer University did not offer job placement services." (Am. Compl. ¶¶ 9-10.) Plaintiff further makes the blanket allegation that Defendant "promised enrolling students on a regular basis that it would assist them with job placement which they claimed was very successful even though it had no intention of assisting them." (Am. Compl. ¶ 11.) However, Plaintiff also concedes he does not know "the difference between 'job placement services' and 'career service resources[,]'" and that "Defendant does not guarantee it will successfully find employment for its

8

graduates[.] (Am. Compl. ¶¶ 12-14.) Moreover, Plaintiff is apparently seeking to pursue his "contract" claim solely on an alleged "promise" by an unidentified individual, at an unidentified time, in an unidentified place.

As Defendant correctly maintains, "the relationship between a private university and a student is contractual" and the contractual relationship is generally "comprised of the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution." *Mekuns v. Capella Educ. Co.*, No. 15-1542, 2015 U.S. Dist. LEXIS 153636, at *8 (E.D. Pa. Nov. 13, 2015)(quoting *Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. Ct. 1999). A student's claim for breach of contract against a university "must relate to a specific and identifiable promise that the school failed to honor." *Vurimindi v. Fuqua Sch. of Bus.*, 435 F. App'x. 129, 133 (3d Cir. 2011).

In this case, Plaintiff has omitted any reference to the University's written policies that govern the bases of his claims. However, this Court may look to same for purposes of deciding the instant Motion. *See Turner v. Leggett,* 421 F. App'x 129, 131 (3d Cir. 2011) (discussing means by which a court is permitted to decide a motion to dismiss, including review of "'documents that form the basis of a claim.'") (quoting *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004)). The written materials underlying Plaintiff's claims clearly delineate the career services offered by the University and would govern the nature of those services as they pertain to Plaintiff. *See Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. 1999) (contractual relationship between a student and university is generally "comprised of the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution."). Plaintiff is apparently aware of these materials, as Paragraph 13 of his Amended Complaint recites and rewords a portion thereof. *Compare* Strayer

9

University, https://strayer.smartcatalogiq.com/en/2018-2019/Student-Handbook/University-Services-and-Policies/Career-Services (last visited July 19, 2018) ("Although the intent is to actively engage students in the career development process, participation in career development activities and/or completion of any Strayer University program ***does not guarantee a student will find employment after graduation***."), *with* Pl.'s Am. Compl. ¶ 13 ("Defendant ***does not guarantee it will successfully find employment for its graduates***[.]") (emphasis added).

The allegations Plaintiff provides in support of Count II of his Amended Complaint regarding the allegedly broken oral promise, are simply not sufficient to survive dismissal. However, Plaintiff shall be granted leave to amend this aspect of his contract claim.

### iii. Additional Courses

As with his "Contract" claim regarding job placement services, Plaintiff's assertion that he was required to "take courses that were not required by his original curriculum or by his new reconstituted curriculum" is insufficiently pleaded. (Am. Compl. ¶ 7.) Plaintiff fails to identify any "contract" (or part thereof) that pertains to curriculum requirements, an additional promise, or an agreement of any kind regarding Strayer's duty to refrain from changing the curriculum after Plaintiff left the school in 2013, and/or requiring enrollment in certain classes. In fact, written policies do exist regarding curriculum requirements upon readmission to the University. *See* Strayer University, https://strayer.smartcatalogiq.com/2015-2016/Catalog/Admission-to-the-University/Graduate-Admission/Readmission (last visited July 19, 2018). However, Plaintiff's Amended Complaint contains no reference to these policies, even though his claim is based on same.

Because Plaintiff has failed to adequately allege the existence of a contract or breach thereof with respect to this issue, he cannot sustain his claim. Accordingly, the same shall be

dismissed. However, in the event Plaintiff determines amendment would not be futile in light of the applicable policies regarding readmission, he shall be given leave to amend.

### C. Count III: Unfair Trade Practices and Consumer Protection Law (UTPCPL)

The "general purpose" of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) "is to protect the public from fraud and unfair deceptive business practices." *See Duffy v. Lawyers Title Ins. Co.*, 972 F. Supp. 2d 683, 688 (E.D. Pa. 2013) (citing *Burke v. Yingling*, 666 A.2d 288, 291 (Pa. Super. 1995)). The statute provides this protection to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" as the result of an unlawful act. *Geary v. Wells Fargo Bank*, No. 17-2468, 2017 U.S. Dist. LEXIS 119471, at *3-4 (E.D. Pa. July 31, 2017) (quoting Pa. Cons. Stat. 201-9.2(a)). Under UTPCPL, a Plaintiff must show: "(1) deceptive conduct; (2) an ascertainable loss; (3) justifiable reliance on the defendant's wrongful conduct or misrepresentations; and (4) that such reliance caused an injury." *Pellegrino v. State Farm Fire and Cas. Co.*, No. 12-2065, 2013 U.S. Dist. LEXIS 105511, at *23-24 (E.D. Pa. July 29, 2013) (quoting *Carosetti v. Allstate Prop. & Cas. Ins. Co.*, No. 10-1671, 2010 LEXIS 83515, at *20-21 (E.D. Pa. Aug. 16, 2010)).

#### i. Sufficiency of the Pleadings

In support of his UTPCPL claim, Plaintiff simply: (1) incorporates all prior paragraphs of his Amended Complaint by reference; (2) provides the text of selected paragraphs of the UTPCPL statute; and, (3) alleges "[a]ll the violations of the UTPCPL by the Defendant were done intentionally and with malice." (Am. Compl. ¶ 35.)

Upon assessment of all of the allegations set forth in Plaintiff's Misrepresentation/Fraud and Contract Counts (as incorporated by reference in his UTPCPL Count), this Court finds

11

Count III of Plaintiff's Amended Complaint to be similarly deficient. In particular, Plaintiff's Amended Complaint fails to sufficiently plead wrongful conduct or misrepresentations by Defendant and ascertainable loss as a result thereof. Again, Plaintiff concedes Defendant made "no guarantee" of employment upon graduation. (Am. Compl. ¶ 13.) Moreover, although Plaintiff alleges that he graduated later than he would otherwise have graduated because he had to take extra classes, he fails to acknowledge the readmission policies in effect at the time of his re-enrollment. Finally—and perhaps most importantly—Plaintiff's recitation of statutory language and conclusory statement that all of the alleged UTPCPL violations "were done intentionally and with malice[,]" amounts to nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements [and does] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim only has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged—something Plaintiff has failed to do here. *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint shall be granted. If, upon review of this claim in conjunction with his Contract claim, Plaintiff is able to earnestly determine amendment would not be futile, he shall be given leave to do so.

### ii. Economic Loss Doctrine

The "economic loss doctrine" "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). The Third Circuit has held that when such claims essentially arise from a breach of contract, "the Pennsylvania Supreme Court would apply the economic loss doctrine to UTPCPL

claims based on intentional torts like fraud." *See Berkery v. Verizon Communs. Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (discussing *Werwinski*, 286 F.3d 661 at 679-81).

In the event Plaintiff was ultimately able to plead a plausible contract claim, his UTPCPL claim would be barred because a double recovery is prohibited under the economic loss doctrine.

**V.     Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss shall be granted and Plaintiff shall be permitted leave to amend in accordance herewith.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II    J.